* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes, with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The North Carolina Industrial Commission has jurisdiction over the parties and of the subject matter of this claim.
2. All parties have been correctly designated, and there is no question as to misjoinder or non-joinder of the parties.
3. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged injury and/or occupational disease and an employer-employee relationship existed between them. Murphy Brown, LLC, was self-insured with Gallagher Bassett Services as its servicing agent at the time in question.
4. The plaintiff contends that he suffered a compensable injury by accident or specific traumatic incident to the back or spine on February 16, 2004. The defendants have accepted the claim as having occurred under compensable circumstances pursuant to the Form 63 filed in this case.
5. The plaintiff's average weekly wage was $725.90, which yields a compensation rate of $483.94.
6. The plaintiff last worked for the defendant-employer on the date of injury, February 16, 2004.
7. The case has been the subject of two Form 24's filed by the defendants, and two Orders from the Commission in respect to the same. The latter Order was filed on September 10, 2004, and approved the defendants' Form 24 retroactive to July 28, 2004. From that Order, the plaintiff appealed.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff was 45 years old at the time of hearing before the Deputy Commissioner, and had worked as a truck driver for the defendant-employer. On February 16, 2004, the plaintiff sustained injuries to his neck, back, and left leg as a result of a single vehicle collision. The defendants initially paid the plaintiff's claim pursuant to a Form 63 and provided the plaintiff with medical and indemnity compensation.
2. The plaintiff sought medical treatment on February 16 and February 25, 2004, at Pitt County Memorial Hospital as a result of his injuries. On March 4, 2004, Dr. Daniel Ricci examined the plaintiff and recommended that he utilize general stretching exercises in addition to the continuation of the use of Flexeril and Motrin. Dr. Ricci released the plaintiff to return to work in a sit down/sedentary capacity on March 5, 2004.
3. Subsequent to the plaintiff's emergency and primary care treatment in this case, the parties agreed to send the plaintiff to Dr. Lestini. On April 6, 2004, Dr. Lestini took the plaintiff's history, at which time he indicated that his pain was "10 out of (a) maximum of
 10. . . ." Dr. Lestini reviewed the plaintiff's previous imaging studies, and performed a physical examination of the plaintiff. Dr. Lestini diagnosed the plaintiff with "low back pain with left leg symptoms, thoracic pain consistent with strain, and bilateral arm symptoms." Accordingly, Dr. Lestini prescribed prescription medication and physical therapy to treat the plaintiff's back, leg, and arm pain. The plaintiff returned to Dr. Lestini on June 22, 2004, and reported that his back pain had "not really improved." An MRI revealed degenerative disc disease at L4-L5, as well as mild facet joint changes in the lower lumbar areas.
4. Dr. Lestini last saw the plaintiff on July 21, 2004, at which point he had reviewed surveillance video of the plaintiff. Dr. Lestini noted that the video portrayed the plaintiff performing activities that were inconsistent with his clinical presentation. Dr. Lestini thereafter determined that the plaintiff was at maximum medical improvement and released him to return to work full duty, with no restrictions. Dr. Lestini also prepared letters to the plaintiff and the defendants' counsel indicating that the surveillance video documented a "major inconsistency" in the plaintiff's functional capacity.
5. On July 28, 2004, the defendants filed with the Industrial Commission a Form 24 Application to Terminate or Suspend Payment of Compensation. The basis for the defendants' Form 24 Application was Dr. Lestini's release of the plaintiff to return to work with no restrictions. Special Deputy Commissioner Robert Harris, by Order of September 10, 2004, approved the defendants' Form 24 Application and allowed the defendants to terminate payment of compensation effective July 28, 2004. The plaintiff requested a hearing appealing the September 10, 2004, Order.
6. Dr. Lestini, in his July 16, 2004 letter to the plaintiff, stated that the surveillance video "has documented a major inconsistency in your functional capacity as compared to that as demonstrated on at least two occasions in our office." Likewise, Dr. Lestini stated in his July 16, 2004 letter to the defendants' counsel:
 It is often difficult to know how much to extrapolate from a video such as this. However, I will say that the patient has been seen on three occasions in this office. Fairly consistently, the patient has demonstrated difficulty in moving about the office. He has used a cane and exhibits painful behavior when getting up and out of a chair, etc. All I can say is that this is a very different picture of Mr. Darden than that reviewed in the videotape. There does seem to be some inconsistency in his activities and abilities noted in the videotape as compared to that in his activities and mobility noted in his office visits. During these times, he noted a pain of ten on a one to ten pain scale.
 I do feel that this inconsistency is significant. . . .
Moreover, Dr. Lestini testified that it was very rare that a surveillance video would have such a substantial impact on his decision regarding a patient's condition and medical treatment.
7. Dr. Lestini's testimony also establishes that the plaintiff is not in need of any future medical treatment. Dr. Lestini testified that he did not see any medical care that he could provide for the plaintiff, and he also indicated that the plaintiff had reached a stable point, medically speaking.
8. Based upon all of the evidence in this matter, and after reviewing the videotape, the Full Commission finds that the plaintiff is no longer disabled as a result of his work-related injury.
9. The Full Commission further finds that any disability benefits that the defendants paid between the filing of the Form 24 Application on July 28, 2004, and the September 10, 2004 approval of the Form 24 Application were not "due and payable" under the meaning of the Workers' Compensation Act. Thus, the defendants shall have a credit for any benefits paid during this period.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff sustained a compensable injury by accident on February 16, 2004, as a result of his employment with the defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. The defendants have provided sufficient evidence to establish that the plaintiff is no longer disabled within the meaning of the North Carolina Workers' Compensation Act. Accordingly, the defendants' Form 24 Application was properly approved by the September 10, 2004 Order of Special Deputy Commissioner Harris. N.C. Gen. Stat. § 97-18.1.
3. Any payments made by the defendants between the filing of their Form 24 Application on July 28, 2004, and the approval of the Form 24 Application on September 10, 2004, were not "due and payable" under the Workers' Compensation Act. Thus, the defendants shall have a credit for any benefits paid during that period pursuant to N.C. Gen. Stat. § 97-42.
4. The plaintiff does not require any additional medical treatment for his compensable injuries at this time. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The plaintiff's appeal to set aside the September 10, 2004 Order of the Commission approving the defendants' Form 24 Application to Terminate or Suspend Payment of Compensation, is hereby DENIED.
2. The defendants shall have a credit for any benefits paid to plaintiff between the filing of the defendants' Form 24 Application on July 28, 2004, and the approval of the Form 24 Application on September 10, 2004.
3. The plaintiff does not require any additional medical treatment for his compensable injuries at this time.
4. Each side shall bear its own costs; however, the defendants are to pay an expert witness fee of $415.00 to Dr. William F. Lestini, if not paid by prior order.
This 30th day of January 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_________________ DIANNE C. SELLERS COMMISSIONER